**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| DANIELLE L. ARCHER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:16-CV-106-RL-JEM |
| | ) | |
| T&J EXPRESS, INC., and | ) | |
| JAMES D. RAYSSER, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Compel Discovery Responses [DE 27], filed by Plaintiff on December 21, 2017, and Defendants' Motion for Protective Order [DE 32]. Plaintiff asks the Court to compel Defendants to provide additional information regarding the witnesses whom defendants have designated as testifying experts. Defendants filed a response on January 4, 2018 and on January 9, 2018, Plaintiff filed a reply. On January 11, 2018, Defendants received leave of Court and filed a sur-response regarding the timing of Plaintiff's Motion to Compel, and on January 12, 2018, Plaintiff filed a sur-reply.

**I.     Analysis**

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Furthermore, the Rule provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other

matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding whether to compel discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

Federal Rule of Civil Procedure 26(c) also allows the Court, for good cause, to issue an order to protect a party from discovery "from annoyance, embarrassment, oppression, or undue burden or expense," including "forbidding inquiry into certain matters." Fed. R. Civ. P. 26(c)(1)(D). Rule 26(c) "essentially operates to balance the public's interest in open proceedings against an individual's private interest in avoiding annoyance, embarrassment, oppression, or undue burden or expense." *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) (quotations omitted). "The party moving for a protective order must establish that good cause exists for the Court to exercise its discretion in entering a protective order." *Nieves v. OPA, Inc.,* 948 F. Supp. 2d 887, 891 (N.D. Ill. 2013).

A.    Timeliness

Plaintiff's Amended Complaint seeks recovery for damages sustained in a motor vehicle accident. The discovery deadline in this case expired on July 7, 2017. Defendant argues that the instant Motion to Compel is untimely because it came after the discovery deadline had expired, and

there was no motion for extension of time to complete discovery. In her sur-reply, Plaintiff represents that the parties informally extended discovery through August 11, 2017, and that Defendant responded to requests even later, on September 22, 2017. It is these requests that are the subject of the instant Motion to Compel.

Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (A) before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). To determine whether the neglect was excusable, the Court must "tak[e] into consideration all relevant circumstances including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005) (quotations and citations omitted).

The discovery deadline expired on July 7, 2017, and neither party requested an extension of that deadline from the Court. While the Court appreciates the attempt of the parties to come to an agreement without involving the Court, per Rule 6, the parties should have filed a request for extension with the Court outlining their agreement. However, since both parties continued to participate in discovery after the Court's deadline, neither is prejudiced, and the Court does not find that Plaintiff acted in bad faith. Accordingly, the Court finds good cause to reopen discovery in this case and extend the deadline for only as long as it takes to complete the discovery described below.

B.      Motion to Compel

Plaintiff now moves to compel Defendants to respond to interrogatories and requests for

production regarding potential bias of the witnesses they expect to testify as experts at trial, including their tax information and information about their past history as testifying and consulting experts. Defendants object to providing some of the information, and as to the rest of it, propose to provide it through depositions rather than written discovery. Defendants seek a protective order that prohibits Plaintiff from seeking tax information of the witnesses and restricting their responses to a deposition.

As an initial matter, the Court notes that in her reply, Plaintiff agrees to withdraw her request for the witnesses's income tax returns. Accordingly, that portion of Plaintiff's motion to compel and of Defendants' motion for protective order are moot. Defendants need not produce tax documentation of their expert witnesses or otherwise respond to Plaintiff's Request for Production 1(f).

Plaintiff seeks information about income derived by the expert witnesses from their work as experts and the amount of time spent doing that type of work. "An expert witness's potential biases are a relevant topic of inquiry and are thus within the scope of discovery. A party seeking such discovery should point to something that demonstrates that the requested documents are both relevant and proportional to the needs of the case, as Rule 26 dictates." *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-CV-4161, 2017 WL 5478297, at *4 (N.D. Ill. Nov. 15, 2017) (citations omitted).

Plaintiff seeks information about all expert testimony provided in other cases for the last four years, and all expert reports created by Defendants' experts in any cases over the last four years. In addition, she seeks information about all cases the experts worked on as consulting expert witnesses. Defendants object to providing expert reports created by their experts in unrelated matters or information about all of the cases the experts have consulted for without testifying. Federal Rule of

4

Civil Procedure 26 provides that facts known by or opinions of non-testifying experts are generally non-discoverable without a showing of "exceptional circumstances." Fed. R. Civ. P. 26(b)(4)(D). Other than a general desire to determine bias, Plaintiff has not given any reason she needs to obtain work product and specific identification of all of the cases on which experts have served as consultants and the identities of all attorneys with whom they have worked. She has not made any showing of exceptional circumstances that specific information about consulting work done in these other, unrelated cases is relevant to this case. Information about cases at which the witnesses testified as experts at trial or deposition can be provided, and it appears has already been provided as part of the Rule 26 cases lists. In addition, Plaintiff may obtain responses regarding what percentage of the witnesses' income comes from the firm representing Dependants, since that is relevant to the question of bias. The Court otherwise denies the motion to compel as to expert interrogatories number 5, 6 and 7, and Plaintiff's Request for Production 1(g), (h), and (i).

Defendants represent that some of the information sought by Plaintiff has been or will be provided as part of the Rule 26 case lists of the expert witnesses and/or as part of their reports. To the extent that they have not been provided or updated, Defendants are reminded of the requirement to provide that information to Plaintiff. The Court will not order that information provided separately as a result of this motion to compel, and denies as moot the motion as to interrogatory 8 and Plaintiff's Request for Production 1(k).

    C.    <u>Protective Order</u>

The information sought in Plaintiff's interrogatories 9, 10, 11, and 12 is generally relevant to potential expert bias, which Defendants do not dispute. Plaintiff argues that it would be easier to obtain the information via interrogatories and requests for production. Defendants agree that

information about witnesses' income from working as an expert is discoverable, but argue that a deposition is a better forum to explore possible bias, and seek a protective order requiring other bias-related questions to be asked during a deposition rather than through document discovery. Plaintiff admits that the caselaw she cites refers to questions of expert witness bias being asked in depositions, but argues that it is cheaper and easier to obtain the information via interrogatories and requests for production. Given the fact that the discovery deadline is long past and the case is set for trial in September, the Court will reopen discovery for thirty days to permit Plaintiff to obtain this bias information about Defendants' testifying experts. Defendants must either make their experts available for deposition within that time frame or provide written responses to the interrogatories before the new deadline expires. If Defendants choose to offer their witnesses for deposition rather than respond to interrogatories, Plaintiff must work with Defendants in good faith to find a date for the depositions within the next thirty days.

## II.     Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part, for relief different than requested, and DENIES in part** the Motion to Compel Discovery Responses [DE 27], and **GRANTS, for relief different than requested,** Defendants' Motion for Protective Order [DE 32]. The Motion to Compel is denied as to expert interrogatories number 5, 6 and 7, and as to Plaintiff's Request for Production 1(f) (g), (h), and (i). The Motion to Compel is denied as moot as to interrogatory 8 and Plaintiff's Request for Production 1(k). The Motion to Compel is granted as to Plaintiff's request for responses to interrogatories 9, 10, 11, and 12, but the Motion for Protective Order is granted as to these interrogatories to the extent that Defendants may choose whether to respond through documents or depositions.

The deadline for completion of all the remaining discovery described above is extended through **May 7, 2018**.

Because the motion to compel is granted in part and denied in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ P. 37(a)(5)(C). Accordingly, the Court **ORDERS** Plaintiff to **FILE**, on or before **April 18, 2018**, an itemization of her costs and fees, including attorney's fees, incurred in the Motion to Compel along with argument as to why those expenses are reasonable in this situation, with Defendants to **FILE** responses to the requests for expenses and any argument as to the reasonableness of the fees or why payment of fees is unjust, along with any requests for payments of their own costs and fees, on or before **May 2, 2018**, and Plaintiff to reply on or before **May 9, 2018**.

SO ORDERED this 4th day of April, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record